MYER J. STEIN

*v.*

STATE OF ILLINOIS.

*Opinion filed June 1, 1917.*

LEGAL SERVICES—*payment for will not be made, when.* Payment for legal services rendered on behalf of the State, will not be made when the employment of appointment of the person rendering such services is by the authority of any other than the Attorney General.

George B. Gillespie, for Claimant.

Edward J. Brundage, Attorney General, for State

A resolution was passed by the Senate of the State of Illinois, on or about June 19, 1915, authorizing and empowering one of its committees to investigate the educational system of the City of Chicago. The committee in question was authorized to employ an attorney and the necessary assistants required to make the investigation and in accordance therewith said committee on July 2, 1915, retained claimant to act as its attorney.

Claimant performed the work required of him by the committee from the date of his employment up to and including October 14, 1915; during which time he met with the committee at its various meetings and conducted by the investigation by examining witnesses and taking testimony in the City of Chicago and elsewhere.

The claim in this case is for the legal services rendered the committee amounting to $2,600.00, and for moneys paid out in its behalf, amounting to $1,100.00, making a total of $3,700.00.

A demurrer was filed by the State to claimant's position setting forth in substance: 1st, That the committee appointed by the 49th General Assembly to sit during the recess of such assembly had no legal existence after the sine die adjournment on June 30, 1915. . 2nd, That said committee had no authority to employ an attorney as the Attorney General, alone, is the legal advisor of the General Assembly and its committees.

In view of the recent decision handed down by the Supreme Court of this State, *Fergus* v. *Russel,* 270 Ill. 344, we must hold that the committee in this case had no authority to employ claimant as its attorney.

The demurrer is sustained.